**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION**

| | |
|---|---|
| **TERRY CARTER** § | |
| § | |
| *Plaintiff*, § | |
| § | **Civil Action No.: 4:19-cv-01045** |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **TEXAS DEPARTMENT OF** § | |
| **CRIMINAL JUSTICE** § | |
| § | |
| *Defendant.* § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES TERRY CARTER, Plaintiff, and files her Original Complaint against Defendant Texas Department of Criminal Justice ("TDCJ"), and in support of her causes of action, Plaintiff would show this Honorable Court and Jury the following:

### NATURE OF THE CASE

1. This lawsuit is brought pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981, and § 21.00, et. seq. of the Texas Labor Code, prohibiting certain unlawful employment practices such as race and color discrimination, sex discrimination, and workplace retaliation.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a violation of a federal statue, 42 U.S.C. § 2000e et seq. Venue in appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff is an individual and a Texas resident.

4. Defendant is a is a governmental entity located within the State of Texas.

## CONDITIONS PRECEDENT

5. All conditions precedent to jurisdiction have occurred or been complied with: Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter on December 20, 2018.

## FACTUAL ALLEGATIONS

6. Plaintiff, an African American female, was first hired by TDCJ in 1988, and worked for over twenty-five years at various positions and promoted to Human Resources Specialist III.

7. On or about September 2017, Plaintiff was promoted and transferred to the O.L. Luther Unit in Navasota, Texas, holding the position of Human Resources Specialist III.

8. On or about October 17, 2017, Plaintiff complained to Warden Calvin Tucker ("Warden Tucker"), an African American male, about harassing and discriminatory conduct she was receiving from Assistant Warden Fernando Fuster ("Assistant Warden Fuster"), a Hispanic male. Specifically, Plaintiff reported that Assistant Warden Fuster continuously harassed and questioned her job performance and integrity when handling employee matters, something he did not do to other Caucasian female employees under his supervision.

9. When Plaintiff informed Warden Tucker that she intended to file a complaint against Assistant Warden Fuster, Tucker responded that "maybe Warden Fuster is questioning your integrity because I hear you are sleeping with everyone on the unit."

10.     Appalled and offended at her supervisor's sex-related remarks, Plaintiff immediately denied the sexually charged allegations and notified Ben Smith, Plant Manager of the Darrington Unit Tire Plan ("Smith"), about Warden Tucker's sex-related remarks.

11.     Plaintiff also complained to Leonard Echessa, Deputy Director at TDCJ ("Director Echessa"), about Warden Tucker's sexually charged offenses.

12.     On or about November 2017, Plaintiff was informed by Officer John Maxwell Jr., former Correctional Officer, ("Officer Maxwell") that Warden Tucker had also approached Officer Maxwell accusing him of "messing around with" Plaintiff. Officer Maxwell immediately rejected the sexually charged offense.

13.     Plaintiff continued being harassed and treated differently based on her race and color, and the sexually-charged allegations distributed around the Luther Unit.

14.      On or about February 22, 2018, Ms. Carter submitted an in-house EEO complaint of racial discrimination involving another employee assigned to the Luther Unit.

15.     In March 2018, Ms. Carter again complained about Warden Tucker's sexual overtones and accusations with the new unit warden, Donald Muniz ("Warden Muniz"). Warden Muniz ignored her complaint, and instead changed the subject to employee disciplines. One week later, Ms. Carter received three disciplinary letters citing conduct against her in one day.

16.     Shortly thereafter, Plaintiff was recommended for dismissal and ultimately demoted for conduct not warranting termination from TDCJ. This constructive termination forced Plaintiff to purchase an early retirement to avoid losing over twenty-five years of benefits she worked tirelessly to obtain.

## COUNT I
### (Title VII, 42 U.S.C. § 2000e-2(a) Hostile Work Environment
### Race, Color, and Sex)

17.     Plaintiff re-alleges and incorporates herein by reference all of the foregoing allegations. As described in paragraphs 6 through 16, Plaintiff was subjected to race, color, and sex-based acts of harassment, humiliation, and intimidation in the workplace from supervisors of TDCJ during her assignment at the Luther Unit.

18.     Plaintiff made it known that the hostile work environment was unwelcome and complained internally to TDCJ.  The harassment was severe and/or pervasive and altered the conditions of her employment.  Plaintiff did find, and a reasonable person would have found, the conduct offensive.

19.     Plaintiff's supervisors witnessed and were otherwise aware of the hostile work environment and did not take reasonable measures to prevent or correct the behavior.

20.     TDCJ otherwise failed to exercise reasonable care to prevent or correct the hostile work environment.  Plaintiff complained of the hostile work environment to management.  TDCJ failed to take prompt corrective action to remedy the behaviors.

21.     For the foregoing reasons, TDCJ discriminated against Plaintiff because of her race, color, and sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), among other ways, by:

a. Subjecting Plaintiff to harassment based on race, color, and sex, which created an intimidating, hostile, and/or offensive work environment that adversely affected the terms, conditions, and privileges of her employment; and

b. Failing or refusing to take reasonable or appropriate steps to promptly prevent or correct the harassment; and

c. Failing after actual or constructive knowledge of the harassment to take prompt and adequate action to stop it.

## COUNT II
**(Title VII, 42 U.S.C. § 2000e-3(a) Retaliation)**

22.   Plaintiff re-alleges and incorporates herein by reference all of the foregoing allegations.

23.   Plaintiff engaged in protected activity, among other ways, she complained about the hostile work environment to management and filed an internal EEO complaint.  Yet, she was immediately disciplined, recommended for termination, and ultimately demoted.

24.   TDCJ took the aforementioned adverse actions against Plaintiff because of her protected activities.

25.   TDCJ's purported reasons for its retaliatory activities are pretext for discrimination.

26.   For the foregoing reasons, TDCJ discriminated against Plaintiff in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

## COUNT III
**(Title VII, 42 U.S.C. § 2000e-3(a) Retaliatory Constructive Discharge)**

27.   Plaintiff re-alleges and incorporates herein by reference all of the foregoing allegations.

28.   TDCJ subjected Plaintiff to humiliation and intolerable working conditions when, among other things, it failed to take any meaningful action in response to Plaintiff's complaints; failed to take reasonable measures to correct the harassing conduct; and condoned and permitted her supervisors and colleagues to continue the discriminatory treatment ultimately demoting Plaintiff citing her for discipline.

29.   This retaliatory conduct created working conditions so intolerable that a reasonable person would have felt compelled to resign, in Plaintiff's case, retire after a long tenure with TDCJ.

30.   For the foregoing reasons, TDCJ has retaliated against Plaintiff in violation of Section 704(a) of Title VII, 52 U.S.C. § 2000e-3(a).

## COUNT IV
### (Chapter 21 of the Texas Labor Code)

31. Plaintiff re-alleges and incorporates herein by reference all of the foregoing allegations.

32. TDCJ discriminated and retaliated against Plaintiff as outlined above in violation of Sections 21.051 and 21.055, 21.106 of the Texas Labor Code.

33. Plaintiff has been damaged as a result of the discrimination and retaliation and is entitled to all remedies enumerated under all applicable statutes.

34. Further, TDCJ acted with malice or, in the alternative, with reckless indifference to Plaintiff's protected rights.

35. As a result of TDCJ's actions, Plaintiff has suffered loss of wages, both in the past and in the future.

## PRAYER FOR RELIEF

Plaintiff prays that the Court grant the following relief

(a) All appropriate monetary relief, including lost wages where applicable, to be determined at trial to make Plaintiff whole for any loss suffered as a result of the discrimination and retaliation as alleged in this complaint;

(b) Any prejudgment and post-judgment interest on the amount at the maximum legal rate;

(c) Compensatory damages to fully compensate Plaintiff for the pain and suffering caused by Defendant's discrimination and retaliation as alleged in this complaint, pursuant to and within the statutory limitations.

(d) Reasonable attorneys' fees, with conditional awards in the event of appeal;

(e) Punitive damages in an amount above the minimum jurisdictional limit of the Court;

(f) Costs, expenses, and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

(g) Such additional equitable and legal relief as is proper and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Respectfully submitted,

*/s/ Susana G. Sosa*
**Susana G. Sosa**
State Bar No. 24083894
Federal Bar No. 2292237
ssosa@bhlawtx.com
**Elizabeth Bohorquez**
State Bar No. 00790328
Federal Bar No. 191127
ebohorquez@bhlawtx.com

BOHORQUEZ | HOEFKER, PLLC
2401 Fountain View, Suite 801
Houston, Texas 77057
Tel. (713) 812-8787
Fax (281) 652-5758

ATTORNEYS FOR PLAINTIFF
TERRY CARTER